**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Ronald Bruce Myers,<br>Defendant. | No. CR-13-00037-001-PHX-JAT<br>**ORDER** |

Pending before the Court is Defendant's motion to clarify his sentence. (Doc. 44). The Government responded and made two arguments in opposition to the motion. (Doc. 46). First, the Government argued that Defendant must exhaust his administrative remedies within the prison prior to filing with the Court. Second, the Government argued that Defendant must file this request as a habeas petition in the appropriate jurisdiction. Defendant replied and argued that neither of the Government's arguments are applicable to a motion to "clarify." (Doc. 47).

Thus, the Court must first decide what the motion to clarify is seeking. Defendant questions how the Bureau of Prisons ("BOP") is crediting his sentence. (Docs. 44, 47). It is undisputed that Defendant was sentenced to 41 months in this case. According to the Government, Defendant was also "sentenced in the Western District of Michigan to thirty-years' imprisonment for conspiracy to steal motor vehicles." (Doc. 46 at 2). Defendant claims that when he asked the BOP how his sentence was being calculated and credited,

Defendant was told that the two sentences were "aggregated" for administrative purposes. (Doc. 44).

Generally, BOP is responsible for calculating a federal Defendant's sentence. *Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998). What Defendant is seeking in this case is for this Court to inform him how the BOP calculated his sentence. This Court can only rule on live cases and controversies. The motion that is currently pending before this Court is merely a request for information about how another agency is performing its function. Ruling on such a request would amount to an impermissible advisory opinion.

If Defendant believes that his sentence is being executed in a way that violated the constitution or laws of the United States, Defendant is permitted to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Valdivia v. United States*, No. CV-22-1889-PHX-JAT (ASB), 2023 WL 7116808, at *1 (D. Ariz. Aug. 30, 2023), *report and recommendation adopted as modified sub nom. Valdivia v. Heisner*, No. CV-22-1889-PHX-JAT, 2023 WL 7114663 (D. Ariz. Oct. 27, 2023). A petition under § 2241 can include the way a sentence is being executed. *Id*. at 2 (citing 28 U.S.C. § 2241; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *Tucker*, 925 F.2d at 331 (9th Cir. 1991)).

Because Defendant disavows that he intended for his motion to be a petition for writ of habeas corpus, (Doc. 47), this Court will not construe it as such. Moreover, the Government is correct that Defendant must exhaust his administrative remedies within the prison before bringing a § 2241 petition, *Valdivia*, 2023 WL 7116808 at *2; and Defendant has not exhausted his administrative remedies.

Therefore,

**IT IS ORDERED** that the motion for clarification (Doc. 44) is denied.

Dated this 21st day of August, 2026.

James A. Teilborg
Senior United States District Judge